G. Raymond **NICHOLS**, Director of Probation and Parole, et al.

v.

**CITY OF ROCKLAND.**

Supreme Judicial Court of Maine.

Aug. 5, 1974.

Courtland D. Perry, Asst. Atty. Gen., Augusta, for plaintiffs.

Grossman, Faber & Miller, P.A. by A. Alan Grossman, Barry M. Faber, Rockland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

The Plaintiffs in this action are the Director of Probation and Parole and the members of the State Parole Board. On April 18, 1974 the Plaintiffs filed in Knox County Superior Court a complaint for declaratory judgment and injunctive relief and an application for a preliminary injunction. The Defendant named in this proceeding is the City of Rockland.

The complaint alleges (and the Defendant admits) that the city enacted section 139.1 of chapter 24, Revised City Ordinances of the City of Rockland,[1] on March 11, 1974. This ordinance, effective April 1, 1974, has the general effect of imposing a ten p. m. curfew on probationers and parolees in the city. Violators of the ordinance may be punished by a fine, jail sentence, or both. The complaint also asserts that this new ordinance substantially hinders the statewide functions delegated by the Legislature to the Plaintiffs. The Plaintiffs claim that the ordinance is invalid because it exceeds the delegated police power of the city; it exceeds the city's power under its revised charter; it violates state law regarding the system of probation and parole; and it is repugnant to the public policy of Maine. The Defendant denies these allegations.

The Plaintiffs sought a preliminary injunction against the enforcement of the ordinance. Although a hearing was held, no action on this request was taken. Instead, by agreement of the parties and by order of court, the action was reported to the Law Court under M.R.C.P., Rule 72(b) on May 9, 1974. The parties have stipulated that the ordinance in question is presently operative.

Because we find that the Plaintiffs lack standing to bring suit, we do not reach the substantive merits of this controversy. We discharge the report and order the Superior Court to dismiss this action.

We discussed aspects of the issue of standing in our recent opinion in Walsh v. City of Brewer, Me., 315 A.2d 200 (1974). In *Walsh* we noted parenthetically that standing is "conceptually antecedent to the consideration of whether a Court has a jurisdiction of the subject-matter. . . ." 315 A.2d at 211. In that case we allowed an issue of standing which was uniquely interwoven with subject-matter jurisdiction to be raised for the first time at the appellate level.[2]

■ In this case we also believe that the standing issue, which was not interposed by defense counsel, must be considered on report to this Court. As standing is a threshold concept dealing with the necessity for the invocation of the Court's power to decide true disputes, it is only proper that such an issue be cognizable at any stage of this legal proceeding. *See* McGrath v. Kristensen, 340 U.S. 162, 167, 71 S.Ct. 224, 228, 95 L.Ed. 173, 179 (1950).

■ Only one who has standing to bring suit may present a properly justiciable controversy to this Court for resolution. We noted in *Walsh* the amorphousness of the concept of standing as it has been interpreted by courts and commentators. The United States Supreme Court in Aetna

1. "No person on probation, or parole, from a legal court sentence shall be, or remain upon any street or public place after 10:00 P.M. standard or daylight savings time (whichever is in effect as the legal time) unless said person is going or coming from his place of employment or as part of the conditions of his probation or parole. Whoever violates this section of this ordinance shall be punished by a fine of not less than $25.00 and not more than $100.00 or by imprisonment for not more than 30 days, or both such fine and imprisonment."

2. Of course, subject matter jurisdiction may be raised at any time during the proceedings. *E. g.*, Walsh v. City of Brewer, supra 315 A.2d at 210–211; M.R.C.P., Rule 12(h)(3).

Life Ins. Co. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 463–464, 81 L.Ed. 617, 621 (1937) partially described the concept of justiciable controversy, which is inextricably related to the standing question before us, in these words:

> "The controversy must be definite and concrete, touching *the legal relations of parties* having adverse legal interests. . . . It must be a real and substantial controversy, admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (Emphasis added.)

■ It is beyond doubt that only one whose definite and personal legal rights are at stake may act as a plaintiff in a proper legal action. *E. g.*, Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943); *see* Bourque-Lanigan Post No. 5 v. Carey, 148 Me. 114, 90 A.2d 710 (1952). One who suffers only an abstract injury does not thereby gain standing to sue. O'Shea v. Littleton, 414 U.S. 488, 493, 94 S.Ct. 669, 675, 38 L.Ed.2d 674, 682 (1974). Without this standing requirement, courts would be called upon to decide issues lacking the concrete and adversary qualities which denote a true legal controversy. Out of deference to these qualities, courts may correctly refuse to resolve issues which are not presented in a properly justiciable fashion. Therefore, we must examine the Plaintiffs' possible legal interest in this suit to determine if a justiciable controversy warrants our resolution of the issues.

The wording of the complaint urges that the Defendant's ordinance was enacted in violation of the powers delegated to the city, and that it will interfere with the Plaintiffs' supervision of the state-wide parole and probation system.[3] Because of these asserted legal interests, the Plaintiffs urge that the enforcement of the ordinance

be enjoined and that the ordinance be declared void.

■ The ordinance itself is a criminal ordinance directed toward use of the streets by probationers and parolees during the nighttime. When conditions of probation or parole conflict with this curfew, the ordinance allows an exception to those who would otherwise be in violation of its curfew provision. Thus, the ordinance seeks to regulate the conduct of *certain individuals*. Only those individuals whose conditions of probation or parole do not dictate otherwise are subject to the ordinance. We do not believe that the fact that the operation of a statute or an ordinance has the effect of restricting the activities of a parolee or probationer in a manner which may conflict with the Parole Board's plans for the rehabilitation of the individual gives the Board standing to attack the validity of the legislation. The activities of parolees and probationers, like those of all citizens, are subject to the limitations of proper legislation.

■ We feel that the thrust of the ordinance toward the Board's effectiveness is not only light but abstract as well. The mere fact that the Board is displeased with what it considers to be an adverse effect of the ordinance upon the rehabilitation process of its parolees and probationers does not give the members of the Board a personal interest which is entitled to legal protection.

■ The impact of the ordinance can be expected to fall upon certain parolees and probationers. We believe that the effect of the Plaintiff's concern is to seek vindication of rights which are actually personal to parolees or probationers. The Board is not able to raise issues bottomed on equal protection principles solely because certain persons under its supervision are singled out for treatment by municipal action. The potentiality that a parolee or

---

3. 34 M.R.S.A. §§ 1501–1679.

probationer may violate the new law (with a resultant effect on probation or parole status) does not give the Board a legal interest in attacking the ordinance. Only those who may be directly affected are correct plaintiffs in a suit designed to attack such an ordinance. *See* Chapman v. City of Portland, 131 Me. 242, 160 A. 913 (1932).

At oral argument a question arose as to whether the recent case of State Board of Education v. Coombs, Me., 308 A.2d 582 (1973) is applicable to the case at bar. In *Coombs* a state employee's contract was not renewed by the appellant Board of Education. The employee submitted a grievance to the State Employees Appeals Board, which decided in the employee's favor. The appellant then filed an 80B complaint, attacking the Appeals Board's ruling. The Superior Court upheld the Appeals Board, and the appellant appealed to this Court. We held in part that the appellant *did* have standing to test by 80B complaint the jurisdictional limits of another governmental agency.

We think that *Coombs* is totally distinguishable from our present situation. In that case the state agency was an actual party to the dispute at hand. If the decision of the Appeals Board was appealable, the agency would be the true appellant. As such, the agency had a legitimate legal interest in the determination of whether the Appeals Board's ruling was appealable by 80B complaint.

As the Plaintiff Board has no personal, definite, legal right at stake, it is not a proper plaintiff. Our liberal construction of declaratory judgments (*e. g.*, Maine Sugar Industries, Inc. v. Maine Indus. Bldg. Authority, Me., 264 A.2d 1 (1970)) cannot save this action. A legal suit, including . one for a declaratory judgment, must present a properly justiciable contro-

versy to the Court.[4] As the Plaintiff in the instant action does not have standing to raise the issues asserted, we will not proceed to the merits of the arguments dealing with the constitutionality of the ordinance. Similarly, we need not discuss the merits presented by the request for injunctive relief.

The entry will be:

Report discharged.

Case remanded to the Superior Court with orders to dismiss the Plaintiffs' complaint.

All Justices concurring.

---

4. *See* Maine Broadcasting Co. v. Eastern Bank & Trust Co., 142 Me. 220, 49 A.2d 224 (1946). For analagous federal cases, *see, e. g.*, Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); Evers v. Dwyer, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958).