Roger M. RUSH

v.

James LONGLEY.

Supreme Judicial Court of Maine.

Dec. 17, 1975.

Roger M. Rush, pro se.

Robert J. Stolt, Asst. Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

PER CURIAM.

Plaintiff sought to recover $50,000.00 in "general" and $50,000.00 in punitive damages from the defendant "in his individual capacity and not in his official capacity." The gravamen of the complaint, as we construe it, is the defendant's alleged failure as Governor of Maine:

1. To prohibit private commercial banks from "creat[ing] their own money to lend" whereas the plaintiff is denied "equal treatment" since he is not allowed to create money "to pay back bank created loans."

2. To prohibit banks from issuing "checkbook credit by bookkeeping entry," which is tantamount to "emitting bills of credit."

3. To prohibit the creation of "Titles of Nobility" since, under such guise, banks "create their own money" (presumably by lending their depositors' money).

4. To prohibit banks from unconstitutionally "impairing the obligations of contracts."

Defendant filed a motion to dismiss the complaint, one reason being:

"Plaintiff, by his complaint, has failed to set forth, in accordance with Rule

8(a)(1), M.R.C.P.,[1] a short and plain statement of his claim, if any, against the defendant, showing he is entitled to relief."

The Justice below granted the motion, ruling:

"[T]he court is of the opinion that in its present form and phraseology there does not appear to be a complaint coupled with a prayer for relief as would be justiciable in this court."

We deny the plaintiff's appeal from this decision.

■ From our summary of the complaint we can detect no allegation, even giving the language of the complaint its most liberal construction, which gives the plaintiff any "standing to sue." There is no contention that he has obtained from any bank either "money" or "checkbook credit" nor does he suggest that he ever has been restricted in the repayment of any bank loan. He does not claim the loss of any personal or proprietary interest. In brief, the plaintiff hypothesizes that the Governor has been inactive in preventing a purely theoretical injury. Since such is the case, the complaint on its face is devoid of any interpretation from which the plaintiff's "standing to sue" can be inferred. *See Nichols v. City of Rockland,* 324 A.2d 295 (Me.1974); *Walsh v. City of Brewer,* 315 A.2d 200 (Me.1974).

■ Any response to the merits (if such there be) of the plaintiff's allegations would be a purely advisory opinion which, as the Law Court, we cannot render. Art. 6, § 3, Constitution of Maine.

The entry is:

Appeal denied.

All Justices concurring.

1. "A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."