2003 ME 22

**LEIGH**

v.

**SUPERINTENDENT, AUGUSTA
MENTAL HEALTH
INSTITUTE.**

Supreme Judicial Court of Maine.

Argued: Nov. 12, 2002.
Decided: Feb. 28, 2003.

Mark C. Joyce (orally), Augusta, for plaintiff.

G. Steven Rowe, Attorney General, Charles K. Leadbetter, State Solicitor (orally), Katherine Greason, Asst. Attorney General, Robert M. Laskey, Asst. Attorney General, Augusta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Leigh [1] appeals from the judgment entered in the Superior Court (Kennebec County, *Studstrup, J.*) denying his application for a writ of habeas corpus. He contends that the competency hearing that precipitated his commitment to the Augusta Mental Health Institute (AMHI) was conducted without due process of law. Because we find his appeal moot, we dismiss.

## I. BACKGROUND

[¶ 2] Officers arrested Leigh in September 2000, charging him with criminal trespass [2] when he refused to leave the Washington County Courthouse at closing. Prior to this arrest, officers had arrested him on fourteen other occasions for some form of criminal mischief. Because he declined to sign a bail bond, he remained incarcerated for eight months. In May 2001, his court-appointed attorney filed a motion to dismiss or for alternative relief, asserting, among other things,[3] that Leigh was incompetent to stand trial.

[¶ 3] At the hearing, noting his obligation to the court to raise the issue of Leigh's competency, Leigh's attorney determined that it was in Leigh's best interest to seek an incompetency determination and refused to represent him in the manner he requested. In response to Leigh's objections, the Superior Court (Washington County, *Humphrey, J.*) permitted Leigh to independently oppose his own attorney's motion, allowing him to argue that he was competent and that the charges should not be dismissed. Leigh was able to cross-examine witnesses, call

---

1. The appellant changed his name from Leigh MacKeen to "Leigh."

2. In violation of 17–A M.R.S.A. § 402(1)(D) (Supp.1999), (Class E).

3. The motion also requested that the complaint be dismissed because the conduct alleged was a *"de minimis* infraction within the meaning of 17–A M.R.S.A. § 12(1)(B) or (C)." In the alternative, the motion requested that Leigh's plea be amended to "not guilty and not criminally responsible by reason of insanity."

his own witnesses, and offer evidence into the record. Based on expert testimony, Leigh's refusal to be evaluated, his inability to cooperate with counsel,[4] and a June 1999 incompetency determination, the court concluded that Leigh's circumstances had not changed, and his approach to his defense was irrational, unreasonable, and the product of an identifiable disease or mental illness.[5] Accordingly, the court ordered that the case be continued and that Leigh be committed to the custody of the Commissioner of Mental Health, Mental Retardation and Substance Abuse Services for appropriate treatment.[6]

[¶ 4] The Commissioner placed Leigh in AMHI for treatment beginning June 1, 2001. Six months later, Leigh filed[7] an application for a writ of habeas corpus pursuant to 14 M.R.S.A. § 5501,[8] asserting that during the competency hearing he had been denied due process of law.

[¶ 5] The Superior Court denied the application, finding that Leigh's constitutional rights had not been abridged because: (1) the motion seeking relief based on incompetency put Leigh on notice that his competency would be an issue at the hearing; and (2) Leigh was given the opportunity to present his argument to the court during the hearing. A month after Leigh filed his notice of appeal, the Superior Court (Washington County, *Jabar, J.*) dismissed all criminal charges against him

pursuant to 15 M.R.S.A. § 101–B(4)(A) (Pamph. 2002), because it was not substantially probable that he would be found competent in the future. Two days later, AMHI discharged him. With Leigh released from AMHI, the Superintendent filed a motion to dismiss his appeal on grounds of mootness. We responded with an order stating that the motion would be considered in conjunction with the merits of the appeal.

## II. DISCUSSION

[¶ 6] Courts should not address issues "which by virtue of valid and recognizable supervening circumstances have lost their controversial vitality." *In re Faucher*, 558 A.2d 705, 706 (Me.1989). To determine whether an issue is moot, we ask "whether there remain sufficient practical effects flowing from the resolution of this litigation to justify the application of limited judicial resources." *Id.* Leigh acknowledges that his habeas corpus appeal is "technically moot" because he has been released from AMHI; however, he contends that his case fits within each of the three alternative exceptions to the mootness doctrine.

[¶ 7] Three narrow exceptions to the mootness doctrine permit us to address on appeal an issue that is technically

4. Leigh's counsel at the hearing was his third court-appointed attorney in this matter.

5. Specifically, the court found that Leigh suffered from a "delusional disorder, persecutory type," and concluded that his defense was irrational because his goal was to remain in jail to protest and expose a perceived conspiracy within the criminal justice system. Leigh, therefore, sought to remain incarcerated and not to have the charge dismissed or to be acquitted.

6. The court also granted Leigh's attorney's motion to withdraw.

7. Leigh obtained new counsel for his appeal, who filed the application.

8. Section 5501 provides:

**Right to writ**
Every person unlawfully deprived of his personal liberty by the act of another, except in the cases mentioned, shall of right have a writ of habeas corpus according to the provisions herein contained.
14 M.R.S.A. § 5501 (1980).

moot. *Young v. Young,* 2002 ME 167, ¶ 8, 810 A.2d 418, 421–22. They include: "(1) sufficient collateral consequences will flow from a determination of the questions presented, (2) the question, although moot in the immediate context, is of great public interest and should be addressed for future guidance of the bar and public, or (3) the issue may be repeatedly presented to the trial court, yet escape review at the appellate level because of its fleeting or determinate nature." *Id.* ¶ 8, 810 A.2d at 422.[9]

 [¶ 8] The unusual and extraordinary facts of this case lead us to conclude that none of the three exceptions apply. First, any adverse collateral consequences that flow from the court's incompetency determination do not outweigh the State's interest in ending the litigation, *see State v. Jordan,* 1998 ME 174, ¶ 12 n. 4, 716 A.2d 1004, 1007, or "justify our consideration of a question with no continuing controversial vitality," *In re Misty B.,* 2000 ME 67, ¶ 7, 749 A.2d 754, 756–57. Second, Leigh's procedural due process claim does not raise a question of great public interest because Leigh has failed to show that the uncertainty "entails such serious social costs as would call for application of the exception." *Globe Air, Inc. v. Thurston,* 438 A.2d 884, 887 (Me.1981). Moreover, because the factual circumstances are so

unusual, the precise issue presented is not likely to arise again; therefore, an "authoritative determination ... for the future guidance of public officers" is not required. *King Res. Co. v. Envtl. Improvement Comm'n,* 270 A.2d 863, 870 (Me. 1970). Third, although Leigh's history indicates that, in the future, he may well face similar criminal charges and resulting competency determinations, again, the precise issue presented here is not likely to be repeated because it is not likely that a future attorney representing Leigh's best interests would make the same choices. *See Globe Air,* 438 A.2d at 888; *In re Faucher,* 558 A.2d at 706.

[¶ 9] Because Leigh has been released from AMHI, no practical consequences would flow from our consideration of the merits of his habeas corpus appeal and none of the mootness exceptions compel our consideration of the merits of Leigh's appeal. We, therefore, grant the Superintendent's motion to dismiss this appeal.

The entry is:

Motion to dismiss appeal granted.

---

9. These three exceptions apply in the habeas corpus context. *Cf. Lewis v. State,* 2000 ME 44, ¶ 4, 747 A.2d 1191, 1192 (discussing exceptions in post-conviction review case).