STATE OF MAINE

KENNEBEC, ss.

ALFRED GALLANT,

Petitioner

v.

STATE OF MAINE,
DEPARTMENT OF BEHAVORIAL
AND DEVELOPMENTAL
SERVICES,

Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-76
SKS- ×ᴇ⋁- 3//₄/ₐₒₒₛ

**DECISION ON APPEAL**

DONALD L. GARBRECHT
LAW LIBRARY

**MAR 31 2003**

This matter comes before the court on the petition of Alfred Gallant for review of final agency action pursuant to M.R. Civ. P. 80C. The final agency action in this case is the decision of Commissioner Duby dated September 23, 2002, upholding the process of Mr. Gallant's involuntary hospitalization on September 19, 2000.

### Background

Mr. Gallant was a prisoner at the Maine State Correctional Facility in Warren, Maine, and scheduled for release on September 20, 2000. On September 18, 2000, the prison warden submitted an application for an emergency involuntary commitment stating that Gallant, "is reclusive, [and] believes others want him to kill himself." Dr. Stephen A. Zubrod completed the portion of the application concerning certification of examination and stated:

> I examined Alfred Gallant on 9/15/00. It is my opinion, as the result of this examination, that the proposed patient is mentally ill because [he has] Paranoid Delusional Disorder and due to such illness poses a likelihood of serious harm because [he] believes others want him to kill himself; increasing agitation, refuses Tx [treatment] . . .

The application was endorsed by a Justice of the Superior Court authorizing the hospital to involuntarily hospitalize Gallant.

The Augusta Mental Health Institute (AMHI) admitted Gallant on September 19, 2000, and conducted an exam, which confirmed Gallant's illness and the serious risk of harm. Upon Gallant's arrival at AMHI, admission staff noted that the exam date listed on the application for commitment was September 15, 2000, more than two days before the date of admission. There is evidence of record that at this point the AMHI staff contacted Dr. Zubrod and that the doctor provided oral assurance that he had examined Gallant on both the 15th and 18th of September. This inquiry was followed by a written confirmation from Dr. Zubrod. Gallant remained at AMHI for approximately 15 days. On May 7, 2002 – over a year and a half after the hospitalization ended – Gallant filed a formal grievance against AMHI pursuant to the Rights of Recipients of Mental Health Services.

## Discussion

The first issue raised by the respondent is that the petitioner's petition is moot since he was released from AMHI as the result of the admission in question in early October, 2000. The petitioner responds that the respondent should not be allowed to raise the mootness issue at this stage, having not mentioned it during the agency review. This argument presupposes that the Commissioner had the legal authority to consider the mootness argument had it been raised at the Commission level, an assumption with which the court does not necessarily agree. Moreover, our Law Court has more than once considered the mootness issue with regard to such hospitalizations. *In re Faucher*, 558 A.2d 705 (Me. 1989); *Leigh v. Supt., Augusta Mental Health Institute*, 2003 ME 22, _____ A.2d _____. The court concludes that the mootness issue has been properly raised by the respondent.

2

Under the holdings in *Faucher* and *Leigh*, the circumstances of an involuntary hospitalization and questions about those circumstances would become moot upon the patient's release unless there are sufficient practical effects that would justify applying limited judicial resources or if (1) sufficient collateral consequences would flow from a determination of the question, (2) the question is of great public interest and should be addressed for the future, and (3) the issue may repeatedly be presented to the trial court. The court does not find that any of these exceptions in the present case. The only practical effect of an appeal of this type would be the release of the petitioner from involuntary hospitalization, which has not been a possible result for two and a half years. Therefore, there are no collateral consequences that would flow from a determination of the issue. The issue of whether our mental health institutions are properly following the appropriately rigorous procedures set forth by our Legislature is certainly a matter of great public interest. However, in the present case, AMHI officials were presented with an authentic order of the Superior Court, showed immediate sensitivity to the requirements of the statute and sought confirmation of statutory compliance. If anything, the petitioner's experience shows that there is no difference of opinion or difference of legal interpretation as to what the law requires and that AMHI was quite sensitive to that requirement. Finally, although issues of the timing of examination of potential patients may very well arise again in the future, there is no indication from the record that there is any difference of opinion concerning what the law requires or that the regular appellate process in insufficient for resolving such issues.

In summary, the court concludes that the present appeal is moot and must be dismissed on that basis.

3

The entry will be:

Appeal DISMISSED as moot and remanded to the Commissioner.

Dated: March 14, 2003

S. Kirk Studstrup
Justice, Superior Court

Date Filed __10/23/02__ __Kennebec__ Docket No. __AP02-76__
County

Action __Petition for Review__
80C

# J. STUDSTRUP

Alfred Gallant                                          vs.  Department of Behavioral & Development

| Plaintiff's Attorney | Defendant's Attorney          Services |
|---|---|
| Mark C. Joyce, Esq.<br>Disability Rights Center<br>P.O. Box 2007<br>Augusta, Maine  04338 | Dale Denno, AAG<br>Department of Attorney General<br>6 State House Station<br>Augusta  ME  04333-0006 |

| Date of Entry | |
|---|---|
| 10/23/02 | Petition for Review of Final Agency Action, filed. s/Joyce, Esq. |
| 10/30/03 | Entry of Appearance on Behalf of the Maine Department of Behavioral and Developmental Services, filed.  s/D. Denno, AAG  (filed 10/28/02) |
| 11/18/02 | Certified Administrative Record, filed. s/Denno, AAG.  (filed on 11/15/02)<br><br>Notice of briefing schedule mailed to attys of record. |
| 12/27/02 | Brief of Petitioner, filed.  s/M. Joyce, Esq.    (filed 12/26/02) |
| 1/2/03 | Request for Hearing, filed. s/Gallant<br>Brief of Plaintiff, filed. s/Gallant. |
| 1/7/03 | Letter requesting Mr. Gallant's Pro se brief be withdrawn, filed.<br>s/M. Joyce, Esq.  (filed 1/6/03) |
| 1/15/03 | Respondent's Brief along with an addendum to Certified Administrative Record, filed.  s/ D. Denno, AAG |
| 1/29/03 | Petitioner's Reply Brief, filed.  s/M. Joyce, Esq. |
| 2/5/03 | Hearing had on oral arguments, Studstrup, J. (no clerk present)<br>Case taken under advisement. |
| 3/17/03 | DECISION ON APPEAL, Studstrup, J. (dated 3/14/03)<br>Appeal DISMISSED as moot and remanded to the Commissioner.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbecht Library and Goss. |