STATE OF MAINE

SAGADAHOC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-03-012
~~JRA - SAC -- 11/14/2003~~

CRAFT WORKS CONSTRUCTION, INC.,

        Plaintiff

    v.

**DECISION AND ORDER**

RICHARD and MARTHA NEST,

        Defendants

    and

WATERFORD FINANCIAL CORP.
d/b/a UNION FEDERAL BANK
OF INDIANAPOLIS,

DONALD L. GARBRECHT
LAW LIBRARY

NOV 19 2003

        Party-in-Interest

Pending before the court is defendants' motion to dismiss which rests on the contention that the complaint fails to state a claim on which relief may be granted because the plaintiff is not a party-in-interest to the dispute among the parties and therefore lacks standing to prosecute this matter.[1]

Whether the pending motion is considered as one to dismiss the complaint or is to be viewed as a request for summary judgment via M.R. Civ. P. 12(b), because the parties have recited undisputed facts not found in the pleadings to support their positions in this debate, they may here be restated.

The defendants, Richard and Martha Nest ("Nests") entered into a home construction contract on June 20 and 24, 2002, with Dan Craft ("Craft d/b/a

---

[1] Party-in-interest Waterford Financial Corp. d/b/a Union Federal Bank of Indianapolis has advised the court by letter that it does not object to the granting of the motion to dismiss and has not participated in the debate over its merits.

Woodworks"). On July 8, 2002, Daniel Craft[2] formed Craft Works Construction, Inc. ("Craft Works, Inc.") and transferred all contracts and assets from Craft d/b/a Woodworks to Craft Works, Inc., including the contract with the Nests. Daniel Craft became and is the sole shareholder and member of the corporation. At the time the Nests entered into the contract with Craft d/b/a Woodworks, Craft Works, Inc. did not exist.

After July 8, 2002, Dan Craft continued to work on the Nests' project, signed a change order on December 20, 2002, and endorsed checks payable to him and the Nests on July 29, August 13 and September 25, 2002, as either Dan Craft or Daniel Craft.

The contract signed by the Nests and Craft d/b/a Woodworks contains no provision allowing the latter to substitute Craft Works, Inc. or any other assignee to undertake its responsibilities under the construction contract, and the Nests were never asked for permission to assign their contract to Craft Works, Inc.

At some point a dispute arose between the parties and Craft Works, Inc. filed the pending complaint against the Nests expressed in five counts, all of which seek payment for work performed which Craft Works, Inc. claims the defendants owe but have not paid.

As noted, *infra*, the Nests seek to dismiss this complaint because they contracted with Craft d/b/a Woodworks and not with Craft Works, Inc. to build their home, and that they never agreed to assign their contract to this newly created corporation. Accordingly, they say, the corporation is not the proper plaintiff to pursue this alleged breach of contract matter and the case ought to be dismissed. The Nests further contend that they would never have assented to an assignment of their contract to Craft Works, Inc., "because they would be dealing with a corporation with no history and

---

[2] The court understands that Dan Craft and Daniel Craft are the same person.

limited assets in place of the known individual they intended to business with," even though Dan Craft would be the president of the corporation. Defendants' Response to Plaintiff's Objection to Defendants' Motion to Dismiss, p. 3.

As noted, the defendants frame their argument as one of standing; that is, because the assignment of their contract was legally ineffective, the assignee cannot prosecute the case resting on its breach. The defendants are correct that, as a general principle of law, "[a]n executory contract for personal services, or a contract otherwise involving personal credit, trust or confidence, cannot be assigned by the sole act of one of the parties thereto." *Salmon Lake Seed Co. v. Frontier Trust Co.*, 153 A. 671, 673, 130 Me. 69, 74 (1931). That is because, "You have the right to the benefit you anticipate from the character, credit and substance of the party with whom you contract." *Id.* (quoting *Humble v. Hunter*, 11 Q.B. 310, 317).

A contract to build a home is unquestionably a contract for personal services which entails trust and confidence in the builder who is to undertake such an important endeavor for his customers. Accordingly, the law would prohibit Craft d/b/a Woodworks from assigning its obligations to build the Nests' home to another, even when that third party, Craft Works, Inc., would be closely associated with this contracting party. However, "A party who has performed or has contracted to perform an obligation involving a personal skill or service or a confidential relationship may assign his or her right to the money earned or to be earned, even though such a contract, in itself, is not assignable." 6 Am. Jur. 2d ASSIGNMENTS § 34 (2002). So, where, as here, the contract for services is alleged to have been completed, and the obligor's duty is to pay money, "a change in the person to whom the payment is to be made is not ordinarily material," as opposed to a change in the person who is to exercise

personal discretion in carrying out the duties inherent in the contract itself. RESTATEMENT (SECOND) OF CONTRACTS § 317 cmt. a, illustration 2(d) (1981).

From all this, it may be concluded that while Craft d/b/a Woodworks could not assign its obligation to build the Nests' house to another, it could assign its rights to be paid for its work under the contract. Because this case appears to seek payment from the Nests for work performed, and because the right to such payment may be assigned, Craft Works, Inc., as the assignee of this right, has standing to prosecute this matter. This is so because Craft Works, Inc. has definite and legal rights at stake in its claim that it has not been paid for work performed by its assignor. *Nichols v. City of Rockland*, 324 A.2d 295, 297 (Me. 1974). Accordingly, in the court's view, it is a proper party plaintiff in this action.

For the reasons stated herein, the clerk is DIRECTED to make the following entry:

Motion to Dismiss is DENIED.

So ordered.

Dated: November _14_, 2003

John R. Atwood
Justice, Superior Court