STATE OF MAINE
Knox. S.S., Clerks Office
SUPERIOR COURT

DEC 01 2004

RECEIVED AND FILED
Susan Guillette, Clerk

STATE OF MAINE

KNOX, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-001
JRA - KNO - 12/1/2004

JAMES TOENNIS,

Petitioner

v.

SECRETARY OF STATE,
BUREAU OF MOTOR
VEHICLES,

Respondent

**DECISION AND ORDER**

This is an appeal via M.R. Civ. P. 80C which seeks to overturn the decision of a hearing officer of the Bureau of Motor Vehicles who had concluded that the petitioner's motor vehicle license had been properly suspended. The parties have complied with the requirements of the cited rule, the case has been briefed and argued and is in order for disposition.

At the outset, it is necessary to determine if this case may now be adjudicated since the petitioner represented at oral argument that his license had been restored. So, it may be said that the case is moot because the court can, at best, provide the petitioner with a remedy he has already received. Nevertheless, the petitioner has argued that the merits of the case ought to be considered because his motor vehicle record contains an entry that his license was suspended for operating with a blood alcohol content of .08 or more. Thus, if the court dismisses the appeal as moot, he will continue to suffer from the effect of having such an entry on his record. Accordingly, the petitioner asks the court to consider his administrative appeal, even though his license has been restored.

As is well recognized in Maine law, there are three exceptions to the mootness doctrine which allows a court to address the merits of a case which is technically moot.

*Leigh v. Superintendent, Augusta Mental Health Institute,* 2003 ME 22, ¶ 7, 817 A.2d 881, 883-84. One of these is that a case may be considered if there are "sufficient collateral consequences [which] will flow from a determination of the questions presented." *Id.*

In the court's view, the entry in the petitioner's motor vehicle record, which may remain in effect for years, that his license was suspended for having an excessive blood alcohol level is an important collateral consequence of the hearing officer's decision so that the case ought to be addressed on its merits. This is because a motor vehicle record is a public document which may be seen by potential employers, automobile insurance companies, and law enforcement officials, any one of whom may decide a matter adversely to the petitioner based on this element of his record. Thus, if the petitioner's license was wrongly suspended, that error would need to be corrected even though his license has been restored.[1]

In her decision denying the request to rescind the suspension of the petitioner's license, the hearing officer (HO) made the following findings of fact:

Two Camden police officers observed the petitioner, James Toennis (Toennis), operating a motor vehicle without its headlights on which resulted in its being stopped. One of these policemen, Officer Nelson, "noted a strong odor of intoxicants coming from the vehicle and from Mr. Toennis." R., p. 32. The petitioner told Nelson that he had a couple of beers at work and the latter noticed that Toennis had bloodshot "glossy" eyes. *Id.* Next, the other officer, Officer Tooley, had the petitioner perform the HGN test resulting in his finding six clues of insobriety. The HO declined to consider the results of two other field sobriety tests, but noted that alcohol was found in Toennis' vehicle.

_____

[1] The petitioner has also asked for a stay of the suspension of his license pending resolution of this appeal. That motion must be denied as it has been mooted by the restoration of the license and none of the three exceptions to the mootness doctrine apply.

From this, the HO found that there was probable cause to ask the petitioner to submit to an intoxilyzer test. That being so, and because the petitioner did not contest that he, in fact, was operating a motor vehicle with an excessive blood alcohol level, R., p. 25, the HO denied the petitioner's request to rescind the suspension.

The petitioner objects to this result and offers several arguments in support of his argument that the HO erred in not rescinding the suspension of his license.

Toennis' first argument is that the HO's decision ought to be reversed because it is unsupported by substantial evidence in the record. In this regard, he points out that he had violated no motor vehicle law which would justify his stop by the Camden officers. Specifically, he says that he was driving his vehicle in a well-lit parking area at night without lights on but that that activity is neither unsafe nor prohibited by our motor vehicle laws. Accordingly, he says his stop was without probable cause and in violation of the Fourth Amendment.

More specifically, Toennis also says that the strong odor of alcohol may have been detected because he was stopped right outside the door of a popular nightclub and next to its dumpster which may have been the origins of the odor.

The petitioner also argues that Officer Nelson's report makes no reference to any statement he may have made concerning alcohol consumption, and that Nelson's testimony should have been discounted because he described the appearance of the petitioner's face which he could not have seen if the petitioner had his head bowed down as the officer claimed.

Toennis also complains that the officers refused to take no for an answer when he declined to perform field sobriety tests and that the HGN test was tainted because the cruiser's blue lights were flashing within his peripheral vision.

Finally, it is argued that the officers' reports and testimony were inconsistent with each other and that their testimony was also inconsistent with their reports. That being so, Toennis says, their testimony should not have been accepted by the HO as a basis to find probable cause for the administration of an intoxilyzer test.

At the outset, it must be observed that under Maine law, an agency's factual determinations must be sustained unless they are clearly erroneous. *Imagineering v. Superintendent of Insurance,* 593 A.2d 1050, 1053 (Me. 1991). Said another way, the review here is whether the HO made findings not supported by substantial evidence in the record. *Id.,* n. 6; *Davric Maine Corp. v. Harness Racing Commission,* 1999 ME 99, ¶ 7, 732 A.2d 289, 293. This court cannot disturb an agency's findings unless the record would dictate a different result. *McPherson v. Unemployment Insurance Commission,* 1998 ME 177, ¶ 6, 714 A.2d 818, 820.

A review of the record would show that Officer Nelson testified before the HO that he was parked near the public landing in Camden at approximately 1:00 a.m. when he and Officer Tooley observed a vehicle drive across the public landing parking lot to the back alley of Gilbert's, a bar, without its lights on. He responded because "there was a vehicle driving around without its headlights on." R., p. 42. Once he reached the vehicle in question, Nelson found that Mr. Toennis was the driver and, further, that a strong odor of intoxicants was coming from the car and Toennis' breath. Upon inquiry, Toennis said he had had a couple of beers at work. Nelson also noticed his eyes were glossy and bloodshot. Upon this, he summonsed Officer Tooley to assist with field sobriety tests.

At first, Toennis did not want to get out of his car, but ultimately did after Tooley arrived whereupon the latter administered the HGN test, the walk and turn and the

one-legged stand tests. Nelson also said he found two empty beer containers and four full ones in Toennis' car.

Nelson testified that all flashing lights were turned off, except those on the rear of Tooley's vehicle, before the HGN test was performed, and that those lights were behind Toennis during the test.

Officer Tooley made the same observation about the petitioner's vehicle being operated without its lights on, resulting in his response to Nelson's request for assistance. He testified, however, that Nelson had the petitioner do the other field sobriety tests before he performed the HGN test which resulted in his finding "six clues." R., p. 28. Although Nelson could not remember how Toennis had done on the other tests, Tooley observed several defects in his performance of these tests. Tooley also observed that Toennis slurred his speech. After this, according to Tooley, Nelson arrested Toennis for O.U.I., and he was taken to the police department for an intoxilyzer test with a result of .18.

The officers' reports were consistent with this testimony except that neither report recites that Toennis said he had had a couple of beers at work. Also both officers' reports indicated it was Tooley who found the beers in Toennis' vehicle and not Nelson, as the latter had testified.

In the court's view, these contradictions and inconsistencies are of a minor nature and would not permit this court to conclude that the HO's findings were clearly erroneous. She was in the best position to evaluate the credibility of the witnesses and determine what weight she needed to apply to what she was told. Simply because there are other interpretations that one might apply to the evidence, or that there are inconsistencies in the evidence, does not require a reviewing court to substitute its judgment for the agency's. In fact, Maine law prohibits this type of second-guessing as

a reviewing court is not permitted to substitute its judgment for the agency's. *Seider v. Board of Examiners of Psychologists,* 2000 ME 118, ¶ 29, 754 A.2d 986, 993. Indeed, even if this court were empowered to conduct a de novo review of the evidence heard by the hearing officer, it cannot say it would have reached a different conclusion than that articulated by the HO, namely that there was sufficient evidence to conclude that there was probable cause to believe that the petitioner was operating a motor vehicle with an excessive blood alcohol level.

In response to the petitioner's argument that the officers' stop was illegal because they had no probable cause to believe that he violated any motor vehicle law, the respondent directs this court to the case of *Powell v. Secretary of State,* 614 A.2d 1303, 1305-06. In that case, the Law Court held that the probable cause requirement in the statute which authorizes the Secretary of State to suspend an operator's license concerns not whether there is probable cause to believe that a motor vehicle statute has been violated, but whether or not to believe "that the person was operating a motor vehicle with an excessive blood-alcohol level." *Id.* *See* 29-A M.R.S.A. § 2453(8)(B).

This being the status of the law in Maine, and because the court has concluded that it cannot find that the HO erred in her conclusion that there was probable cause to believe that the petitioner was operating a motor vehicle with an excessive blood alcohol level, it must also find that the petitioner takes nothing from his contention that the Camden officers lacked probable cause to stop him.

The case of *Powell v. Secretary of State, id.* at 1306-07, also puts to rest the petitioner's argument that his Fourth Amendment rights were violated. This is because the cited case not only holds that a determination of probable cause for a motor vehicle stop is unnecessary to an agency's suspension finding, but also that the exclusionary rule of the Fourth Amendment does not apply in an administrative license suspension

case. Thus, under our law, the petitioner has no Fourth Amendment claim which might serve to set aside his license suspension. Ultimately, then, this argument, too, will not assist the petitioner in setting aside his license suspension.

In the end, then, the court must affirm the HO's decision because the petitioner has failed to meet his burden of persuasion that this decision needs to be overturned either on the basis of erroneous factual findings or the misapplication of law. *Bischoff v. Board of Trustees*, 661 A.2d 167, 170 (Me. 1995).

Accordingly, the clerk is DIRECTED to make the following entry:

Amended Petition is DENIED; Decision of the Secretary of State's Hearing Officer is AFFIRMED.

So ordered.

Dated: November 30, 2004

John R. Atwood
Justice, Superior Court