MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 127
Docket:        Cum-15-12
Argued:        June 17, 2015
Decided:       September 22, 2015

Panel:        ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


BANK OF AMERICA, N.A.

v.

SCOTT GREENLEAF et al.


JABAR, J.

[¶1]  This, Scott Greenleaf's second appeal, follows our decision on his first appeal, which vacated the foreclosure judgment previously entered in favor of Bank of America, N.A. (the Bank) based upon the Bank's lack of standing.  *See Bank of Am., N.A. v. Greenleaf* (*Greenleaf I*), 2014 ME 89, ¶¶ 1, 17, 96 A.3d 700. Greenleaf now appeals from a post-judgment order entered on remand by the District Court (Bridgton, *Darvin, J.*) dismissing without prejudice, subject to conditions, the Bank's foreclosure complaint.

[¶2]  Greenleaf argues that the court was compelled to enter judgment in his favor because we vacated the Bank's judgment after a completed trial.[1]  We conclude that dismissal without prejudice was the correct disposition upon remand,

---

[1]  Greenleaf also argues that the court erred by failing to enter a judgment in his favor because we vacated the Bank's judgment due to the Bank's failure to prove the merits of its case.  This argument misconstrues our decision.  *See Bank of Am., N.A. v. Greenleaf* (*Greenleaf*), 2014 ME 89, ¶ 17, 96 A.3d 700.  We do not discuss it further.

where Greenleaf challenged the Bank's judgment and prevailed on appeal based upon the Bank's lack of standing. Consequently, we affirm.

## I. BACKGROUND

[¶3] The facts of this case were thoroughly discussed in *Greenleaf I*, 2014 ME 89, ¶¶ 2-5, 96 A.3d 700. In 2006, Greenleaf executed a promissory note to Residential Mortgage Services, Inc. (RMS). *Id.* ¶ 2. To secure that debt, he and Kristina Greenleaf [2] signed a mortgage on property located in Casco. *Id.* The mortgage listed RMS as the "lender" and Mortgage Electronic Registration Systems, Inc. (MERS) as the lender's "nominee." *Id.* In 2011, BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (BAC) filed a complaint for foreclosure against the Greenleafs in District Court. *Id.* ¶ 3 & n.3. The Bank was later substituted for BAC after the entities merged. *Id.* ¶ 3 n.3. At a trial held in 2013, the court admitted multiple exhibits, including a document purporting to assign the mortgage and the note from MERS to BAC, and a certification of the merger between BAC and the Bank. *Id.* ¶ 4. After trial, the court entered a judgment of foreclosure in favor of the Bank. *Id.* ¶ 5. Greenleaf appealed, challenging the Bank's standing to foreclose, and contesting the court's

---

[2] Kristina was named as a defendant in the original foreclosure complaint, but has not participated in the action since 2012. *Greenleaf I*, 2014 ME 89, ¶ 2 n.2, 96 A.3d 700. Because she has not participated in this appeal, references to "Greenleaf" herein refer only to Scott Greenleaf.

finding that the Bank had established the elements necessary to obtain a foreclosure judgment. *Id.* ¶ 1.

[¶4] On July 3, 2014, we issued *Greenleaf I*, observing that Maine's foreclosure statutes, 14 M.R.S. §§ 6101-6325 (2013),[3] govern both standing to foreclose and the merits of a foreclosure claim. *Greenleaf I*, 2014 ME 89, ¶ 8, 96 A.3d 700. In light of this overlap, we endeavored to "clearly distinguish[] between issues of standing and issues of proof." *Id.* As to the issue of standing, we looked to 14 M.R.S. § 6321, which allows the commencement of a foreclosure action only by a "mortgagee" or person claiming thereunder. *Id.* ¶ 9. We determined that a party qualifies as a "mortgagee" or person claiming thereunder— and therefore has standing to seek foreclosure—only if that party can show both an enforceable interest in the note and ownership of the mortgage. *Id.* ¶¶ 9-12, 17. In analyzing the Bank's standing to foreclose, we noted that the Bank had acquired its interest in Greenleaf's mortgage from MERS—a nominee that possessed no interest in the mortgage other than the right to record it. *Id.* ¶¶ 15-16. "In the absence of any evidence that the Bank owned Greenleaf's mortgage, we conclude[d] that the Bank lacked standing to seek foreclosure on the mortgage and accompanying note." *Id.* ¶ 17. We then explained that even if we were to consider

---

[3] Title 14 M.R.S. chapter 713 has since been amended. *See, e.g.,* P.L. 2015, ch. 229, § 1 (effective Oct. 15, 2015) (to be codified at 14 M.R.S. § 6321); P.L. 2013, ch. 521, § C-1 (effective Aug. 1, 2014) (codified at 14 M.R.S. § 6323(1) (2014)). The Legislature has also added a new section to the foreclosure statutes. *See* P.L. 2013, ch. 521, § B-1 (effective Aug. 1, 2014) (codified at 14 M.R.S. § 6326 (2014)).

4

the merits of the case, we would be compelled to vacate the judgment because the Bank had failed to establish the elements of its claim. *Id.* ¶¶ 18-19. We explicitly noted that our discussion of the merits was distinct from our standing analysis, and clearly vacated the judgment based on the Bank's lack of standing. *Id.* ¶¶ 1, 17, 22 n.13. We did not order remand of any issues or otherwise instruct the trial court as to any further disposition. *See id.* ¶ 34.

[¶5]  On July 23, 2014, the trial court entered an order vacating the judgment. The court then issued an order granting the parties leave to submit argument regarding final disposition. After considering the parties' submissions, the court dismissed the Bank's complaint without prejudice, subject to conditions. The court awarded Greenleaf reasonable costs and attorney fees pursuant to 14 M.R.S. § 6101 (2014). The court also prohibited the Bank from seeking to recover from Greenleaf (1) in any future action to enforce the note and mortgage, any costs or attorney fees related to this foreclosure action, and (2) in any future foreclosure action, any late fees or interest that accrued on the debt in the period between the commencement of this foreclosure action and its dismissal.[4] Greenleaf appealed.

---

[4] The Bank does not challenge these conditions on appeal.

## II. DISCUSSION

[¶6] In this case, we consider the effect of a standing defect on the court's power to enter a judgment. Greenleaf contends that the trial court was required to enter a judgment in his favor because the Bank's case had been tried to completion. The Bank argues that the court was required to dismiss the complaint because its standing defect destroyed the court's subject matter jurisdiction. These contentions miscomprehend the nature of standing and confuse the principles of jurisdiction and justiciability. We review de novo, as a matter of law, whether the trial court erred in dismissing the action due to the Bank's standing defect. *See Hathaway v. City of Portland*, 2004 ME 47, ¶ 9, 845 A.2d 1168.

[¶7] Although standing "relates to the court's subject matter jurisdiction," *JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 7, 10 A.3d 718, it is an issue theoretically distinct and "conceptually antecedent" to the issue of whether the court has subject matter jurisdiction, *Nichols v. City of Rockland*, 324 A.2d 295, 296 (Me. 1974) (quotation marks omitted). Subject matter jurisdiction is a principle of adjudicatory authority that "refers to the power of a particular court to hear the type of case that is then before it." *Hawley v. Murphy*, 1999 ME 127, ¶ 8, 736 A.2d 268 (quotation marks omitted). Standing is a condition of justiciability that a plaintiff must satisfy in order to invoke the court's subject matter jurisdiction

6

in the first place. *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 8 n.3, --- A.3d ---.

[¶8] Because standing is "a threshold concept dealing with the necessity for the invocation of the [c]ourt's power to decide true disputes," it is an issue cognizable at any stage of a legal proceeding, even after a completed trial. *Nichols*, 324 A.2d at 296. When discovered, a standing defect does not affect, let alone destroy, the court's authority to decide disputes that fall within its subject matter jurisdiction. *Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 19, --- A.3d ---. A plaintiff's lack of standing renders that plaintiff's complaint nonjusticiable—i.e., incapable of judicial resolution. *See id.* ¶ 24.

[¶9] Here, the court could not have entered a judgment on remand addressing the merits of the Bank's foreclosure claim because the Bank failed to show the minimum interest that is a predicate to bringing that claim in the first place. Under these circumstances, the court properly disposed of the case by entering a dismissal without prejudice. *See id.*

The entry is:

Judgment affirmed.

**On the briefs:**

> John D. Clifford, IV, Esq., Clifford & Golden, PA, Lisbon Falls, and Thomas A. Cox, Esq., Portland, for appellant Scott Greenleaf

> John J. Aromando, Esq., and Catherine R. Connors, Esq., Pierce Atwood LLP, Portland, for appellee Bank of America, N.A.

> L. Scott Gould, Esq., Cape Elizabeth, for amici curiae Jerome N. Frank Legal Services Organization and National Consumer Law Center

> John A. Cunningham, Esq., and Ryan P. Dumais, Esq., Eaton Peabody, P.A., Brunswick, for amicus curiae Maine Bankers Association

**At oral argument:**

> Gerald Petruccelli, Esq., Petruccelli, Martin & Haddow, Portland, for appellant Scott Greenleaf

> Elizabeth P. Papez, Esq., Winston & Strawn LLP, Washington, D.C., for Bank of America, N.A.

Bridgton District Court docket number RE-2011-109
For Clerk Reference Only