STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                          CIVIL ACTION
                                                   DOCKET NO. RE-13-117

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff

v.                                                 ORDER OF DISMISAL
                                                   WITHOUT PREJUDICE

MARTYN J. YOUNG, et al.

Defendants

This court (Fritzsche, J.) issued an order on March 11, 2015 requiring plaintiff to pay attorney's fees in the amount of $16,000 to defendants. Plaintiff appealed the March 11th order to the Maine Law Court. On May 19, 2015 the Law Court issued an order suspending provisions of M.R. App. P. 3(b) "to the extent necessary to permit the Superior Court to act on US Bank's pending motion to dismiss the complaint without prejudice and the defendants' request that the complaint be dismissed with prejudice." Order Permitting Trial Court to Act on Motion to Dismiss, at 2.

Pursuant to the directive of the May 19th order, this court hereby issues a dismissal of the complaint in this matter without prejudice. The May 11th order, from which the appeal was taken, followed an earlier order issued by this court (Fritzsche, J.) on January 5, 2015 in which the court had determined that despite the "tortured history of this case" and other factors that weighed in favor of defendants' request to dismiss the case with prejudice, a "dismissal with prejudice or a judgment for the defendants at this time is too harsh a remedy." Moreover, since the issuance of the March 11th and May 19th orders, it has been made clear that when a plaintiff lacks standing to file or maintain a foreclosure action for the reason present in the instant action, a dismissal

1

without prejudice is the appropriate action of the trial court. *See Bank of America, N.A. v. Greenleaf*, 2015 ME 127, ¶ 9, ___ A.3d ___; *Homeward Residential, Inc. v, Gregor*, 2015 ME 108, ¶ 24, ___ A.3d ___.

The clerk will make the following entry, by reference, on the docket pursuant to Rule 79(a):

The complaint is this matter is DISMISSED without prejudice.

SO ORDERED.

DATE: November 2, 2015

Wayne R. Douglas
Justice, Superior Court

2

RE-13-117

ATTORNEYS FOR PLAINTIFF:
JEFFREY J HARDIMAN
SHECHTMAN HALPERIN SAVAGE LLP
1080 MAIN STREET
PAWTUCKET RI 02860

ANDREW STEPHEN CANNELLA
BENDETT & MCHUGH PC
270 FARMINGTON AVENUE SUITE 151
FARMINGTON CT 06032

BRIDGET STEVENS DORNBACH
CHRISTINE A JOHNSON
PAUL WEINSTEIN
BENDETT & MCHUGH PC
30 DANFORTH ST SUITE 104
PORTLAND ME 04101

ELIZABETH M LACOMBE
DUANE MORRIS LLP
100 PEARL ST SUITE 1415
HARTFORD CT 06103

ATTORNEY FOR DEFENDANT:
MARK A KEARNS
LAW OFFICE OF MARK KEARNS
P O BOX 17915
PORTLAND ME 04112

ATTORNEY FOR PARTY IN INTEREST BANK OF AMERICA N A
JOSEPH PATRY
BLANK ROME LLP
WATERGATE
600 NEW HAMPSHIRE AVE NW
WASHINGTON DC 20037

PRO SE: AMERICAN EXPRESS D/B/A CENTURION BANK
6985 UNION PARK CENTER STE 235
MIDALE UT 84047

PRO SE:
MAINE DEPT OF LABOR BUREAU OF UNEMPLOYMENT
47 STATE HOUSE STATION
AUGUSTA ME 04333

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.   RE-13-117

PAF-YOR-01-05-15

US BANK NATIONAL ASSOCIATION
TRUSTEE, CREDIT SUISSE FIRST,

        Plaintiff

v.

        **ORDER**

MARTYN J. YOUNG, et al.

        Defendants

The plaintiff has filed a complaint for foreclosure in 2011 based on a 2006 note in favor of an entity called Mortgage Network, Inc.   The Youngs filed an answer which included affirmative defenses that the plaintiff had not complied with the notice provisions found at 14 M.R.S. §6111 and that it did "… not have standing to bring its complaint."

The case continued with a tortured history, which included an order from the District Court in October of 2012 imposing sanctions against the plaintiff for failure to mediate in good faith.   At the conclusion of mediation the case was returned to this Court and a foreclosure scheduling order issued.   The parties requested and received extensions of the discovery deadline.

The case was originally placed on the trial list starting August 25, 2014. Without objection the Court granted the plaintiff's request to continue the trial because of the Law Court decision from July, 2014 in *Bank of America v. Greenleaf*, 2014 ME 89.

The case was then placed on the list starting January 5, 2015 and the plaintiff's motion for special assignment was granted when the case was set for trial on January 5, 2015.

On December 30, 2014 the Clerk received the plaintiff's expedited motion to dismiss where the plaintiff sought to dismiss the case without prejudice because of unresolved standing issues. The motion was objected to and was argued today.

Counsel for the plaintiff indicated that the original lender might still exist at a location in Massachusetts. No efforts had been made to verify whether the original lender still maintained its corporate existence or would be willing to assign the mortgage to the plaintiff. The plaintiff's request for a dismissal without prejudice will not be granted given its slow and minimal efforts to resolve the standing question.

A dismissal with prejudice or a judgment for the defendants at this time is too harsh a remedy, as it appears that a substantial sum was borrowed and has not been repaid. However, the plaintiff has been aware of its standing problem for an extended period and has yet to make any significant efforts to remedy the problem. Given that a judgment for the defendants could have been granted, the sanction imposed on the plaintiff is a measured response and is within the inherent authority of the Court.

Within 10 days counsel for the defendants shall indicate, with supporting documentation, what his total bill for the entire case has been. He should deduct the $2,000 sanction that has already been paid. The plaintiff shall have 10 days to respond after which the Court will review the bill and any objection and issue a fee award payable in full within 30 days thereafter.

Within 60 days the plaintiff shall indicate by affidavit that it has resolved its standing issues, that it cannot resolve the issues, or that it has filed suit against the original lender.

The entry is:

The case will be stayed for 90 days.

The expedited motion to dismiss is denied.

Dated: January 5, 2015

_____
Paul A. Fritzsche
Justice, Superior Court

RE-13-117

ATTORNEYS FOR PLAINTIFF:
JEFFREY J HARDIMAN
SHECHTMAN HALPERIN SAVAGE LLP
1080 MAIN STREET
PAWTUCKET RI 02860

BRIDGET STEVENS
CHRISTINE A JOHNSON
BENDETT & MCHUGH PC
30 DANFORTH ST SUITE 104
PORTLAND ME  04101

ELIZABETH M LACOMBE
BENDETT & MCHUGH PC
270 FARMINGTON AVENUE SUITE 151
FARMINGTON CT 06032

DANIELLA MASSIMILLA
LITCHFIELD CAVO LLP
6 KIMBALL LANE SUITE 200
LNNFIELD MA  01940

ATTORNEY FOR DEFENDANTS:
MARK A KEARNS
LAW OFFICE MARK KEARNS
PO BOX 17915
PORTLAND ME  04112

ATTORNEY FOR PARTY-IN-INTEREST BANK OF AMERICA N A
JOSEPH PATRY
BLANK ROME LLP
WATERGATE
600 NEW HAMPSHIRE AVE NW
WASHINGTON DC 20037

PARTIES-IN-INTEREST PRO SE
AMERICAN EXPRESS
6985 UNION PARK CENTER STE 235
MIDALE UT 84047

MAINE DEPT OF LABOR BUREAU OF UNEMPLOYMENT
47 STATE HOUSE STATION
AUGUSTA ME 04333