STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         DOCKET NO. RE-16-0128

U.S. BANK TRUST, as Trustee for    )
LSF9 Master Participation Trust     )
                                    )
              Plaintiff,            )    ORDER ON PLAINTIFFS COMPLAINT
                                    )    FOR FORECLOSURE AND
                                    )    DEFENDANT'S MOTION FOR
                                    )    SANCTIONS AFTER THE
         v.                         )    PRESENTATION OF EVIDENCE AT
                                    )    TRIAL
BONNIE J. RAY                       )
                                    )
              Defendant.            )

Before the court is Plaintiff's complaint for foreclosure against Defendant, Bonnie

J. Ray. The case came before the court on May 2, 2017. Both parties presented evidence in

the form of sworn testimony and exhibits. After the bench trial, the parties filed closing

arguments on the issue of "attorney-in-fact," and any other points the parties wished to

raise. Defendant also filed a motion for sanctions.

Based on the entire record, the court adopts the findings of fact and conclusions of

law and renders the judgment as set forth below.

I. Background

On November 30, 2006, Defendant Bonnie J. Ray signed a mortgage for property

at 26 Stagecoach Lane #12 in Westbrook, Maine, with First Horizon Home Loan

Corporation (original lender), listing Mortgage Electronic Registration Systems (MERS)

as the sole nominee. The same day she signed a note, secured by the mortgage, for the

benefit of First Horizon Home Loan Corporation. A notice of default was sent by self-

described debt collector Nationstar Mortgage LLC to Defendant on July 13, 2015.

Plaintiff filed a complaint for foreclosure against Defendant on April 21, 2016. Service

was properly made on Defendant, and she answered on June 15, 2016. Defendant

Plaintiff–Jonathan Flagg, Esq. and
John Doonan, Esq.
Defendant Ray–Joshua Klein-Golden, Esq.      1 of 9

STATE OF MAINE
Cumberland. ss Clerk's Office

JUL 23 2017 2:15PM

RECEIVED

requested mediation, which was held on July 15, 2016. The parties appeared before this court at a trial on May 2, 2017.

## II. Discussion

### a. Plaintiff's ownership of the mortgage

### 1. Validity of the mortgage assignments

Defendant argues that two purported assignments of the mortgage made by attorneys-in-fact were not shown to effectively transfer any interest where Plaintiff did not produce a power of attorney or other documents to support the agents' authority to perform the assignments. (Def.'s Closing Argument 5, 8; Pl.'s Ex. D, F.) Defendant argues that another purported assignment was invalid because the assigner was never the owner of the loan. (Def.'s Closing Argument 5; Pl.'s Ex. E.) Defendant argues that Plaintiff has not proven that it is the owner of the mortgage, and does not have standing (Def.'s Closing Argument 7, 9.) Plaintiff argues that one of the assignments questioned by Defendant is superfluous, and that there has been no action disputing the transfer of interest executed by the second nor did Defendant dispute the authority of any of the signatories to the assignments. (Pl.'s Closing Argument 6.)

A party has standing to seek foreclosure only if that party can show both an enforceable interest in the note and ownership of the mortgage. *Bank of Am., N.A. v. Greenleaf,* 2015 ME 127, ¶¶ 11-12, 124 A.3d 1122. As a nominee for a lender, MERS possesses no interest in a mortgage other than the right to record it. *Greenleaf,* 2015 ME 127, ¶ 15, 124 A.3d 1122.

Here, in 2010, the mortgage was assigned by MERS to "First Horizon Home Loans, a division of First Tennessee Bank National Association." (Pl.'s Ex. C.) In 2014, the mortgage was assigned from "First Tennessee Bank, National Association Successor by Merger To First Horizon Home Loan Corporation" by attorney-in-fact Nationstar

Mortgage LLC to Nationstar Mortgage LLC. (Pl.'s Ex. D.) The 2010 assignment by MERS did not transfer ownership of the mortgage and, hence, neither did the subsequent 2014 assignment. *See Greenleaf*, 2015 ME 127, ¶ 15, 124 A.3d 1122. Therefore, the court declines to consider the attorney-in-fact issue related to this invalid chain in title as it relates to standing for foreclosure, but notes Plaintiff was required to present these assignments to fulfill the statutory requirement for evidence of all assignments. 14 M.R.S. § 6321.

In 2015, a quitclaim assignment of the mortgage was executed from "First Horizon Home Loans A Division of First Tennessee Bank NA As Successor by Merger To First Horizon Home Loan Corporation" to Nationstar Mortgage LLC. (Pl.'s Ex. E.) On October 28, 2016, the mortgage was assigned from Nationstar Mortgage LLC by Caliber Home Loans, Inc. as attorney-in-fact to "U.S. Bank Trust, N.A., As Trustee for LSF9 Master Participation Trust." (Pl.'s Ex. F.) The 2016 assignment was witnessed and notarized. *Cf. Nationstar Mortgage v. Halfacre*, No. RE-12-102, 2013 Me. Super. LEXIS 52, at *3, 10 (May 10, 2013). Plaintiff provided a witnessed and notarized Limited Power of Attorney, dated October 11, 2016, appointing Caliber Home Loans, Inc. as an agent with authority to, *inter alia*, transfer ownership of loans on behalf of "U.S. Bank Trust, N.A., As Trustee for LSF9 Master Participation Trust," but not Nationstar Mortgage LLC. (Pl.'s Ex. K ¶ 7); (Def.'s Closing Argument 3.) However, Nationstar Mortgage LLC acknowledged the validity of the 2016 assigned made on its behalf by Caliber Home Loans with its December 12, 2016 motion to substitute "U.S. Bank Trust, N.A., As Trustee for LSF9 Master Participation Trust" as the correct party Plaintiff, which was ordered on January 10, 2017. (Nationstar Mortgage LLC's Mot. Substitution of Party ¶ 5.) The court finds that Plaintiff has properly supported a potential chain of title proving ownership that is required for standing. But, Plaintiff has not provided support

that "First Horizon Home Loans A Division of First Tennessee Bank NA" succeeded the interest of the original lender (First Horizon Home Loan Corporation.)

## 2. Missing assignments of the mortgage

Defendant argues that Plaintiff has not met the statutory requirement to present evidence of all assignments of the mortgage. (Def.'s Closing Argument 2-3, 5.) Plaintiff argues that "[c]luttering the record" with void or ineffectual assignments is contrary to the legislative intent of the foreclosure statutes. (Pl.'s Closing Argument 6.)

In order to foreclose, a mortgagee must produce evidence of the mortgage and all assignments. 14 M.R.S. § 6321. As part of any judgment, the court must find that the mortgage is indeed "plaintiff's mortgage" and amounts, if any, that may be due to other parties. 14 M.R.S. § 6322.

Here, Plaintiff's witness acknowledged the existence of two recorded mortgage assignments that were not introduced into evidence. (Def.'s Closing Argument 2.) In order to fulfill its statutory hearing and judgment obligations, the court needs to review all recorded assignments, and Plaintiff is statutorily obligated to present them.

*b. Compliance with the notice statutes*

Defendant argues that in explicitly requiring particular forms of payment in the default notice, Plaintiff violated notice statutes. (Def.'s Closing Argument 5.)

The Law Court has stated that foreclosure plaintiffs must strictly comply with all statutory foreclosure requirements. *Greenleaf*, 2014 ME 89, ¶ 30, 96 A.3d 700. The Maine foreclosure provisions describe the mandatory contents in a default notice. 14 M.R.S. § 6111(1-A)(A)-(B). To interpret these provisions, a court will look to the purpose of the notice document, which is to set the right to cure in motion. *Greenleaf*, 2014 ME 89, ¶ 30, 96 A.3d 700. The content provisions do not expressly limit what can be in the notice. 14 M.R.S. § 6111(1-A)(A)-(B). A qualification added to a default notice does not necessarily

invalidate or destroy statutory compliance with the content provisions. *E.g., Fannie Mae v. Cimtno*, No. PORSC-RE-14-63, 2017 Me. Super. LEXIS 1, at *2 (Jan. 10, 2017).

Here, the default notice indicated that payments to cure the default were expected to be in the form of either "certified funds, cashier's check, or money order." (Def.'s Closing Argument 4, 5; Pl.'s Ex. G.) These qualifications did not alter the statutory mandatory content, and Defendant has not alleged that her inability to cure the default was caused by the form of payment qualifications. Therefore, the court finds the payment qualifications the default notice did not violate of the strict compliance mandate of the Court.

### 3. Plaintiff's presentation of evidence and witnesses not on the witness and exhibit list

Defendant argues that allowing Plaintiff to call a witness and present evidence not on the witness and exhibit list was an error as a matter of law. (Def.'s Closing Argument 6.)

Parties are under a duty to seasonably update their pretrial expert witness lists. M.R. Civ. P. 26(e)(1)(B); *Pettitt v. Lizotte*, 454 A.2d 329, 331 (Me. 1982). The court, within its discretion, may allow testimony from a witness not named on a pretrial list or the presentation of other evidence. *State v. Tullo*, 366 A.2d 843, 849-50 (Me. 1976). Conversely, a trial justice may exclude evidence of unquestioned relevance if its probative value is substantially outweighed by the danger of unfair prejudice. M.R. Evid. 403. Prejudice connotes more than damage to the opposing side, and cannot be ground for exclusion. *Pettitt*, 454 A.2d at 332. What is meant is an undue tendency to move the tribunal to decide on an improper basis. *Id.* The pretrial rules intend, ultimately, a "just result of litigation." M.R. Civ. P. 16 advisory committee's note to 1980 amend., September 1, 1980, Me. Judicial Branch website/Rules & Administrative Orders/Rules (last visited July 18, 2017).

Here, on July 25, 2016 the court issued a scheduling order whereby both parties were required to file witness and exhibit lists by November 8, 2016. Neither party filed its lists until April 26, 2017. (Def.'s Closing Argument 3.) Defendant claims she was prejudiced by Plaintiff's late filing, in that she "might have used other methods of discovery in an effort to present an even better defense."[1] (Def.'s Closing Argument 12.) Plaintiff's witness and exhibits were admissible to show ownership of the mortgage and an enforceable interest in the note. *Greenleaf*, 2015 ME 127, ¶ 4, 124 A.3d 1122; *See Pettitt*, 454 A.2d at 333. Defendant's opportunity for cross-examination was present and used. *Tullo*, 366 A.2d at 849-50. Defendant could have requested a continuance, *Pettitt*, 454 A.2d at 332, and she has used the opportunity for post-trial briefing to argue this and other issues. There is insufficient support for error as a matter of law.

4. Plaintiff's witness for foundation of the business records

Defendant argues that Plaintiff's witness, employed by the current loan servicer Caliber, did not lay the proper foundation for the business record exception to hearsay where she did not have firsthand knowledge of the prior servicer's (Nationstar's) record keeping practices, could not have such knowledge because she never worked for Nationstar, and did not testify that she was involved in the boarding process. (Def.'s Closing Argument 6, 12-13); M.R. Evid 803(6). Plaintiff argues the mortgage and note records are admissible as documents affecting an interest in property, such that the business record exception need not be proven. (Pl.'s Closing Argument 5.)

The Law Court has held that the documents providing the evidentiary support of a mortgage and note in a foreclosure suit are business records, where their admissibility

---

[1] Defendant refers to the standard of "excusable neglect," although Plaintiff did not file a motion for the enlargement of time. (Def.'s Closing Argument 3, 11-12); M.R. Civ. P. 6(b)(2).

is governed by M.R. Evid. 803(6). *Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700. Only the testimony of a custodian or another qualified witness, who was intimately involved in the daily operation of the business and whose testimony shows firsthand knowledge, may lay the foundation for a business record exception to rule against hearsay. M.R. Evid. 803(6)(D); *See Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700. Firsthand knowledge does not require personal observation of, supervision of, or participation in the preparation of the records. *Midland Funding LLC v. Walton*, 2017 ME 24, ¶ 20, 155 A.3d 864; *Fed. Nat'l Mortg. Assoc. v. Lathrop*, No. RE-13-264, 2014 Me. Super. LEXIS 259, at *3-4 (Sept. 9, 2014). If records from one business were integrated into the records of another business and then relied upon in day-to-day operations, an employee of the receiving business may be a qualified witness. *Midland Funding LLC*, 2017 ME 24, ¶ 20, 155 A.3d 864. To lay the proper foundation, the employee must demonstrate sufficient knowledge of both businesses' regular practices to show the reliability and trustworthiness of the information. *Id.*; *Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶ 13, 25 A.3d 96; *see Me. State Hous. Auth. v. Davis*, No. RE-15-02, 2015 Me. Super. LEXIS 254, at *4 (July 7, 2015).

Here, the record contains evidence to support a finding that Plaintiff's witness demonstrated at least a minimal level of knowledge regarding the previous servicer's practices, *Bank of Am., N.A. v. Da Hem*, No. RE-11-505, 2014 Me. Super. LEXIS 216, at *11 (Dec. 3, 2014), such that she was qualified to lay the foundation for Rule 803(6) where was able to identify Nationstar LLC as the previous servicer, *Cf. Me. State Hous. Auth.*, 2015 Me. Super LEXIS 254, at *7; *Cf. Fed. Nat'l Mortg. Assoc.*, 2014 Me. Super. LEXIS 259, at *4, and she testified: (1) that she had firsthand knowledge of Nationstar's record keeping practices, and (2) about how she came to have this knowledge. (Def.'s Closing Argument 12-13); *Cf. Greenleaf*, 2014 ME 89, ¶ 26, 96 A.3d 700; *Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 14 n.11, 122 A.3d 947.

5. Motion for sanctions

Defendant moves for sanctions against Plaintiff for proceeding to trial, knowing they did not have evidence of the power of attorney relationships required to validate the mortgage assignments. (Def.'s Closing Argument 14).

The court may assign sanctions when a party signs a pleading with knowledge, information, or belief that there is not good ground to support it. M.R. Civ.P. 11(a). The imposition of sanctions is at the discretion of the court, and depends on the circumstances of the case. *Pettitt*, 454 A.2d at 331-32. The court declines to decide the issue of sanctions until the time for submission of additional information as describe below has passed.

II. Conclusion

Plaintiff may submit further evidence and documentation by affidavit, and a revised draft order, within 14 days, as follows:

1. Support for the fact that First Horizon Home Loans A Division of First Tennessee Bank, National Association was the successor by merger To First Horizon Home Loan Corporation (as per Pl.'s Ex. E.)

2. All assignments and endorsements of the mortgage note and mortgage, and a sworn averment that all assignments and endorsements of the mortgage note and mortgage have been provided to the court. 14 M.R.S. § 6321.

3. Revised draft order representing the chain of the ownership of the mortgage which shows the standing of the Plaintiff, as described herein.

4. Revised draft order to meet the statutory requirements pursuant to 14 M.R.S. § 6322, including:

    a. State the finding of breach;

    b. State with specificity "the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts,

if any, that may be due to other parties," based on documents in the record filed by Plaintiff;

c. State whether any public utility easements held by a party in interest survive the proceedings.

If nothing further is received, the court will enter judgment in favor of Defendant.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 7/28/17

Lance Walker
Justice, Superior Court

DOCKETED
7/31/17
MCV