STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
DOCKET NO. AP-17-0025

MARCEL DUBOIS,                                )
                                             )
and                                          )
                                             )
SOL FEDDER,                                  )
                                             )
      Plaintiffs,                            )
                                             )
    v.                                       )
                                             )
TOWN OF ARUNDEL, *et al*,                    )
                                             )
      Defendants.                           )

**ORDER ON DEFENDANTS'
MOTION TO DISMISS**

## I.    BACKGROUND

The instant cases arise out of proceedings before defendant Town of Arundel's Planning Board (the "Board") in relation to Dubois Livestock, Inc.'s ("Dubois Livestock") permit renewal application (the "Application") in June and July of 2017. (Compl. ¶¶ 6-9.)  Dubois Livestock submitted the Application to the Board on June 28, 2017, seeking to renew a conditional use permit for property located at 2 Irving Road in Arundel, Maine. (R. 15.)  The property had been granted conditional use as an agricultural composting facility under a consent decree entered into between Dubois Livestock, the Randrick Trust, and the Town of Arundel on June 27, 2016 (the "Consent Decree"). (R. 1-4.) The Consent Decree required Dubois Livestock to apply to the Town no later than July 1, 2017 for a renewal permit to continue the conditional use and outlined the requirements to obtain such renewal. (R. 1.)

The Application lists Randrick Trust as the property owner, Dubois Livestock as the applicant, and Ricky Dubois and Randy Dubois as authorized agents of Dubois Livestock. (R. 15.)

1

Attached to the Application were a copy of the Consent Decree, an operations log, a survey of the Property, and a solid waste compost annual utilization report for 2016 from the Maine Department of Environmental Protection ("DEP"). (R. 17-25.)

On July 21, 2017, before the hearing on the Application, Town Planner Tad Redway sent a memorandum to the Board about the Application (the "Memo"). (R. 26.) This Memo outlined the Board's criteria for review and the requirements of the Consent Decree and concluded that Dubois Livestock had not complied with the consent decree because it had not submitted a letter from the Town's Code Enforcement Officer ("CEO") stating that Dubois Livestock was in compliance with existing state licenses and regulations pursuant to Section 1.b.ii of the Consent Decree. (R. 2, 26.) The Memo notes that the CEO could not issue such a letter because the DEP had recently issued Dubois Livestock a notice of violation (the "NOV") on June 23, 2017. (R. 27.) Redway further explained that Dubois Livestock had not submitted a proper site plan because they had only included a reduced plan of the project which did not state the author of the plan, his or her qualifications, or the date the plan was prepared. (R. 26.)

On July 27, 2017, the Board held a hearing on the Application. (R. 28.) No representative of Dubois Livestock attended the hearing. (R. 29.) Because Dubois Livestock had not submitted a letter from the CEO indicating that their compost operation was in compliance with existing state licenses and regulations pursuant to the Consent Decree or a sufficient plan of the site, the Board found that the Application was incomplete and did not comply with the Consent Decree. (R. 30.) Thus, the Board denied the Application. (R. 30.) On July 28, 2017, Redway sent a letter to Dubois Livestock informing it of the Board's decision. (R. 31.)

Plaintiffs Marcel Dubois and Sol Fedder filed the instant Rule 80B Complaint on September 18, 2017 against the Town, individual members of the Planning Board, including

2

Richard Ganong, Chip Bassett, Jamie Lowrey, Tom McGinn, and Roger Morin, as well as Town Planner Tad Redway. (Compl. ¶ 2.) The Complaint alleges that the distribution of Redway's Memo before the hearing constituted a "secret, clandestine and prohibited 'executive session' that was, and did discriminate against Dubois Livestock, Randy Dubois, Rick Dubois Sol Fedder and Marcel Dubois, and violated their rights protected under the <u>Constitution of the United States</u> and the <u>Maine Constitution</u>." (Compl. ¶ 6.) Plaintiffs further allege that this conduct violated the Maine Freedom of Access Act ("FOAA") and created bias, unfairness, and partiality against the plaintiffs. (Compl. ¶ 7.) Thus, plaintiffs assert that the Board was predisposed against them in their meeting addressing their Application on July 24, 2017. (Compl. ¶ 7.) In addition to their FOAA claim, plaintiffs assert that Redway's correspondence denied them procedural due process. (Compl. ¶¶ 8-9.)

On December 18, 2017, the defendants moved to dismiss the case, arguing that the plaintiffs lacked standing to bring the suit, that the Complaint was not timely filed, and that plaintiffs had failed to state a claim for relief. The administrative record was filed the same day.

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss, courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* However, when the court's jurisdiction is challenged, it is the plaintiff's burden of establishing that jurisdiction is proper. *Commerce Bank & Tr. Co. v.*

*Dworman*, 2004 ME 142, ¶ 8, 861 A.2d 662 (citing *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1191 (Me. 1993)).

## III.   DISCUSSION

### a.   Plaintiffs' Standing to Bring the Action

The first ground for dismissal asserted in defendants' motion is that plaintiffs lack standing to bring the present suit. Standing relates to, but is theoretically distinct from, the court's subject matter jurisdiction. *Bank of Am., N.A. v. Greenleaf*, 2015 ME 127, ¶ 7, 124 A.3d 1122 (citations omitted). "Standing is a condition of justiciability that a plaintiff must satisfy in order to invoke the court's subject matter jurisdiction in the first place." *Id.* (citing *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 8 n.3, 123 A.3d 216). Thus, it is plaintiffs burden to establish that they have standing to bring the present action.

Only plaintiffs "whose definite and personal legal rights are at stake may act as a plaintiff in a proper legal action." *Nichols v. Rockland*, 324 A.2d 295, 297 (Me. 1974) (citations omitted). Consequently, the court must analyze the plaintiffs' legal interest in the suit in order to properly determine standing. *Id.* Further, in a Rule 80B action, plaintiffs must prove: (1) that they were a party to the administrative proceeding, and (2) that they suffered a particularized injury as a result of the agency's decision. *Norris Family Assocs., LLC v. Town of Phippsburg*, 2005 ME 102, ¶ 11, 879 A.2d 1007 (citing *Lewis v. Town of Rockport*, 2005 ME 44, ¶ 8, 870 A.2d 107). One suffers a particularized injury when "a judgment or order adversely and directly affects a party's property, pecuniary, or personal rights" and the injury is "in fact distinct from the harm experienced by the public at large." *Nergaard v. Town of Westport Island*, 2009 ME 56, ¶ 18, 973 A.2d 735 (quoting *Ricci v. Superintendent, Bureau of Banking*, 485 A.2d 645, 647 (Me. 1984).

4

The Law Court has construed the term "party" to the underlying proceeding broadly as, "[A]ny participant in the proceedings who is aggrieved by the action or inaction of the zoning board of appeals." *Singal v. Bangor*, 440 A.2d 1048, 1050 (Me. 1982) (citing *Pride's Corner Concerned Citizens Assn. v. Westbrook Board of Zoning Appeals*, Me., 398 A.2d 415, 417-18 (1979)).

Defendants argue that plaintiffs have not alleged any connection to Dubois Livestock or otherwise participated in the process so that they have standing to challenge the Board's decision. They draw the court's attention to a previous decision of the Superior Court (Cumberland County, *Crowley, J.*): *Duchaine v. Town of Gorham*, No. CV-99-573, 2001 Me. Super. LEXIS 89 (June 15, 2001). In *Duchaine*, Justice Crowley found that corporate shareholders who had made personal payments to corporations, which were then used to pay allegedly excessive attorney's and engineer's fees, lacked standing to assert constitutional, negligence, and slander of title claims. *Id.* at *3-4. Specifically, the court held, "While the Individual Plaintiffs did make personal payments to the corporations, the Town's conduct did not directly affect their personal pecuniary interest as required to demonstrate a particularized injury." *Id.* at *4; *see also* 19 Am. Jur. 2d *Corporations* § 1925 ("Generally, a person cannot pursue an individual cause of action against third parties for wrongs or injuries to a corporation in which he or she holds stock, even though he loses the value of his investment . . ..").

The Law Court held similarly in *Stull v. First Am. Title Ins. Co.*, 2000 ME 21, 745 A.2d 975. In *Stull*, the Court addressed a plaintiff's standing to bring a breach of contract claim based on a contract between an insurance company and the corporation of which he was the sole shareholder. *Id.* ¶ 11. The Court found that the plaintiff, as sole shareholder, did not have standing to bring the claim on behalf of the corporation because he lacked particularized injury. *Id.*

5

Although there is almost certainly some relationship between plaintiffs and Dubois Livestock, plaintiffs have not alleged that they are either officers or shareholders of Dubois Livestock. In fact, they are insistent that they are not bringing the instant claim on behalf of Dubois Livestock. (Pl.'s Opp. Def.'s Mot. Dismiss 6.) Even if they were officers or shareholders, that status does not confer standing on the plaintiffs as discussed above.

Plaintiffs assert that they are aggrieved parties in their own right. (Pl.'s Opp. Def.'s Mot. Dismiss 6.) However, they have not shown that they participated in any fashion in the underlying proceeding; they baldly insist that they "clearly have standing." (Pl.'s Opp. Def.'s Mot. Dismiss 7.) The minutes of the July 27 meeting reflect that no representative of Dubois Livestock was present. (R. 29.) Plaintiffs' names do not appear in the Application or anywhere else in the Record. Further, their Complaint only alleges that they reside in Arundel, not that they participated in any stage of the proceeding. (Compl. ¶5.)

Consequently, plaintiffs have not carried their burden to show that they have standing to assert the instant action. Because plaintiffs lack standing to challenge the Board's decision or its alleged "executive session," the Complaint must be dismissed.

### b. Timeliness of the Complaint

In addition to standing, defendants challenge the timeliness of plaintiffs' Complaint. Generally, a Rule 80B complaint must be filed "within 30 days after notice of any action or refusal to act" is received by the party. M.R. Civ. P. 80B(b). The FOAA likewise imposes a 30-day time period to timely file an appeal from the time any action taken during an improper executive session is discovered. *Palmer v. Portland Sch. Comm.*, 652 A.2d 86, 89 (Me. 1995).

The timeliness of a complaint invokes the court's subject matter jurisdiction. *Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 11, 751 A.2d 1024. If a complaint is

6

untimely, the court lacks jurisdiction to address the matter. *Id.* Because timeliness concerns this court's jurisdiction, the court may not make any factual inferences in favor of the plaintiff when addressing the timeliness of the Complaint. *Gorham v. Androscoggin Cty.*, 2011 ME 63, ¶ 9, 21 A.3d 115.

In this case, the Board issued its decision on July 27, 2017, and informed Dubois Livestock of this decision the next day. The alleged "executive session" occurred even earlier, on July 21, 2017. The 30-day time period for FOAA violations runs from the time that plaintiffs learn of any action taken at an improper executive session. Because the only alleged action taken by the Board in this case occurred at the July 27 hearing and the plaintiffs were notified the next day, this time period begins to run at the same time as the standard Rule 80B statute of limitations.

Plaintiffs did not file their Complaint until September 18, 2017, well after the 30-day period to file the Complaint had passed. Consequently, the court lacks subject matter jurisdiction to address the matter.

### c. Plaintiffs' FOAA Claim

Finally, defendants argue that, notwithstanding the other issues addressed above, plaintiffs' Complaint fails to state a claim for relief under the FOAA.[1] The FOAA was enacted to ensure that public business is "taken openly and that the records of their actions [is] open to public inspection and their deliberations [are] conducted openly." 1 M.R.S.A. § 401. Additionally, the FOAA is

---

[1] Although not formally requested, plaintiffs note in their opposition to defendant's motion to dismiss that leave to amend pleadings "shall be freely given when necessary to permit a proceeding erroneously commenced under this rule to be carried on as an ordinary civil action." M.R. Civ. P. 80B(a). (Pl.'s Opp. Def.'s Mot. Dismiss 10.) This court does not find that the instant Complaint was filed erroneously as an action for Rule 80B review. However, for the reasons stated above, the Complaint is deficient in a number of respects. Consequently, leave to amend is not mandated even if it were requested.

intended to prevent "clandestine meetings, conferences or meetings held on private property without proper notice and ample opportunity for attendance by the public." *Id.*

As an initial matter, plaintiffs suggest that in its review of defendants' motion to dismiss, this court cannot consider documents provided to the court, such as those in the administrative record: the Consent Decree, the Application, the meeting minutes for the July 27 meeting, the Application, the Redway Memo, and the notice of the Board's decision. However, this contention is incorrect. This court may consider public documents, documents that are central to plaintiffs' claims, and documents referred to in the complaint without converting a motion to dismiss into one for summary judgment when the authenticity of the documents is not challenged. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43 (citation omitted). Because plaintiffs do not challenge the authenticity of the documents provided in this case, it is proper to consider them when deciding the instant motion to dismiss.

The FOAA provides only limited relief for violations. First, the court may declare illegal actions taken in executive session "null and void." 1 M.R.S.A. § 409(2). Second, the court may subject responsible to civil penalties. 1 M.R.S.A. § 410. However, only the Attorney General has authority to seek these penalties; plaintiffs are not entitled to them. *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 11, 738 A.2d 1239. Thus, even if successful in their appeal, the only remedy that plaintiffs may receive is a declaration that any Board action during the executive session is "null and void."

Notwithstanding whether the distribution of the Memo constituted an illegal executive session, plaintiffs have not alleged that the Board took any action during the alleged executive session. The Board members only received the Memo from the Town Planner, Tad Redway; they did not otherwise act. The only action taken by the Board occurred at the public hearing held on

8

July 27, 2017. Plaintiffs only claim that the distribution of Redway's Memo before the hearing biased the Board against Dubois Livestock. Consequently, plaintiffs are not entitled to relief under the FOAA.[2]

## IV.   CONCLUSION

For the reasons set forth above, the plaintiffs lack standing to bring the action, no subject matter jurisdiction exists for the court to properly review the matter, and plaintiffs fail to state a claim upon which relief can be granted under the FOAA. Defendants' motion to dismiss is granted. Given the significant problems with the present litigation, the court also awards defendants reasonable attorney's fees and expenses pursuant to Rule 11 of the Maine Rules of Civil Procedure upon receipt of an affidavit from defendants' counsel setting forth such fees and court approval. The clerk shall make the following entry on the docket:

Defendants' motion to dismiss is hereby GRANTED.
Plaintiffs are ordered to pay defendants' reasonable attorney's fees and expenses.

SO ORDERED.
DATE: ___2/1___, 2018

John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 2/1/18

---

[2] In their opposition to the Town's motion to dismiss, the plaintiffs attempt to assert a claim that the Town failed to provide a written record explaining the reasons for the decision. (Pl.'s Opp. Def.'s Mot. Dismiss 9.) However, this was not pleaded in their Complaint. Further, the record contains a document sent from Redway to Dubois Livestock explaining the Board's decision. (R. 31.) Consequently, notwithstanding the additional problems of timeliness and standing as above, plaintiffs have also not stated a sufficient claim on this ground.