STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
Docket No. RE-18-11

U.S. Bank N.A., Successor Trustee
to LaSalle Bank National
Association, on Behalf of the Holders
of Bear Stearns Asset Backed
Securities I Trust 2007-HE5, Asset-
Backed Certificate Series 2007-HE5,

        Plaintiff,

        v.

Michael M. Cozzone, Jr. and Joan C.
Cozzone,

        Defendants.

Mortgage Electronic Registration
Systems, Inc. as nominee for Aegis
Lending Corporation; Wells Fargo
Bank, N.A.; FIA Card Services, N.A.;
and Discover Bank,

        Parties-in-Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER
(Title to Real Estate Involved)

This case presents a very unusual situation. Plaintiff U.S. Bank seeks to foreclose the mortgage on property located at 22 Montreal Street, Sanford, Maine purchased in 2007 by defendants Michael and Joan Cozzone.[1] Anticipating a "*Greeleaf* problem",[2] U.S. Bank previously initiated a separate action in this court that resulted in a judgment declaring its ownership rights in the mortgage in question. *United States Bank, N.A. v. Aegis Lending Corp*, CV-2016-102, 2017 Me. Super LEXIS 248 (Me. Super. Ct. Aug. 28, 2017) (*O'Neil, J.*) ("2017 Judgment"). This 2017 Judgment is the lynchpin

[1] The Cozzones subsequent filed for bankruptcy and received a discharge on September 2, 2014 under Chapter 7.

[2] *See Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700; *Bank of America, N.A. v. Greenleaf*, 2015 ME 127, 124 A.3d 1122.

1

to plaintiff's standing to maintain this action. In the course of the instant case, however, it has been asserted that the 2017 judgment may be void. If it is void, then U.S. Bank's standing dissipates and this foreclosure action is rendered nonjusticiable. Further complicating matters is the fact that this issue has been raised by a non-party through the request to file *amicus curiae* brief with this court.

For the reasons set out below, the court determines that it should consider the validity of the 2017 Judgment, concludes that the 2017 Judgment is void, and decides that U.S. Bank lacks standing to maintain this action.

### Background

On February 9, 2007, the Cozzones executed and delivered an interest-only period fixed rate note in the amount of $177,600 to the lender, Aegis Lending Corporation ("ALC"). As security, they also executed a mortgage deed "grant[ing] and convey[ing] the Property to MERS (solely as nominee for Lender and Lender's successors and assigns)." Defendants defaulted on the loan, having failed to make any payments since February 1, 2014. MERS assigned the mortgage deed to US Bank by virtue of an assignment recorded in the York County Registry of Deeds in Book 16798, page 613 (dated March 19, 2014) and a "Corrective Corporate Assignment of Mortgage" recorded in the York County Registry of Deeds in Book 17204, page 381 (dated February 29, 2016). U.S. Bank is in possession of the indorsed note.

To satisfy the *Greenleaf* standing requirements, plaintiff filed a declaratory judgment action in 2016 to establish its ownership of the mortgage deed vis-à-vis ALC and the other named parties.[3] Based on plaintiff's representation that it had served all

---

[3] The parties-in-interest in U.S. Bank's action for default judgment and motion on the pleadings included MERS; Wells Fargo, N.A.; FIA Card Services, N.A.; and Discover Bank.

parties in this matter—including ALC as named defendant[4]—and the apparent failure of anyone other than the Cozzones to appear, a default judgment was entered that ratified U.S. Bank's ownership of the mortgage. *Aegis Lending Corp*, 2017 Me. Super LEXIS 248, at *1.

This foreclosure action followed. Trial was held on August 6, 2019. Plaintiff was represented by counsel. Defendants did not appear, nor did any named parties-in-interest. But Attorney Thomas A. Cox did appear—not as a representative of a party but "as an officer of the court" seeking permission to file a motion for leave to participate in the case "as an *amicus*" and to file an *amicus* brief "by virtue of his being aware of the potential miscarriage of justice which will result if the court is left unaware of the facts and law discussed in the *amicus* memorandum." *Motion of Thomas A. Cox For Leave to File Amicus Memorandum*, at 1. It was his stated position that U.S. Bank lacked standing to foreclose in this action because the 2017 Judgment is void. In the interests of judicial economy, the court granted Cox permission to file his motion; received testimony and evidence from U.S. Bank's witness; took the matter under advisement; and provided plaintiff's counsel an opportunity to file a memorandum in opposition to Cox's motion.

## 1. Consideration of Issues Raised by the Amicus Brief

The Maine Rules of Civil Procedure neither authorize nor prohibit the filing of an amicus brief by a non-party in the Superior Court when it serves as a trial court. Though not applicable at the trial court level, the Rules of Appellate Procedure permit *amicus curiae* briefs to be filed if parties to the appellate proceeding consent "or by leave of the Law Court." M.R. App. P. 7A(e)(1)(A).

---

[4] Service on ALC was documented as service of process made on the Maine Secretary of State on April 26, 2016.

3

In the circumstances presented, it is appropriate for the court to consider issues raised by the *amicus* filing for several reasons. First, at issue is the integrity and legitimacy of this court's prior judgment—a judgment that serves as the very foundation of U.S. Bank's standing in the instant. Second, as discussed below, the information relevant to this issue served as the basis for a District Court decision to dismiss a bank's declaratory judgment action involving the exact same party-in-interest and a set of facts nearly identical to those before this court in 2017.

Therefore, the motion to file the *amicus brief* is granted. Plaintiff has been given the full opportunity to respond. The court has reviewed both the *amicus* brief filed by Attorney Cox and plaintiff's memorandum filed in opposition.

## 2. The 2017 Judgment

Through the 2017 Judgment, this court "order[ed], confirm[ed] and ratifie[d], *nunc pro tunc,* the transfer of the mortgage, dated February 9, 2007, . . . to [plaintiff] U. S. Bank, N. A. . . . ." and declared that U.S. Bank was "the owner and holder of both the subject Note and Mortgage Deed, *nunc pro tunc* as of the date of the Mortgage Assignment to the Plaintiff, February 29, 2016."[5] *Aegis Lending Corp.,* 2017 Me. Super LEXIS 248, at \*2. That judgment was rendered by default because, "after service in compliance with the Maine Rules of Civil Procedure, . . . the Defendant, Aegis Lending Corporation, has not answered or otherwise appeared in this action." It now appears that at the time this judgment was entered, ALC had not been properly served and, in fact, could not have been properly served because it no longer existed.

In *Wilmington Trust, N.A. v. Aegis Lending Corporation,* plaintiff, Wilmington Trust, sought a declaratory judgment regarding "the rights, status, and legal

---

[5] This was the date of the corrective assignment from MERS to U. S. Bank.

4

relationship" vis-à-vis ALC with respect to a mortgage. No. RE-17-27 (Me. Dist. Ct., Bangor, May 10, 2019). In the context of a motion for summary judgment, the District Court took note of the following undisputed record facts: (i) ALC was a Delaware corporation; (ii) in 2012 ALC had merged into another corporation, Aegis Mortgage Corporation; (iii) Aegis Mortgage Corporation was the only surviving corporation; (iv) any interest ALC had in the subject mortgage in *Wilmington* passed to Aegis Mortgage Corporation; and (v) since the 2012 merger, ALC has not existed.[6] The District Court concluded that "the purported service of process on Aegis Lending Corporation, after the filing [of] this lawsuit by Wilmington in 2017, was therefore ineffective" because ALC, as the merged corporation lacked capacity to sue or be sued. *Id.,* at 4.

None of this was brought to the court's attention by U.S. Bank in or before 2017 when it entered declaratory judgment in U.S. Bank's favor. Plaintiff is not disputing any of the foregoing facts relating to ALC.

The court now reaches the same conclusion as the District Court in *Wilmington* with respect to U.S. Bank's declaratory judgment action. The court now knows that when U.S. Bank filed its action in 2016, ALC did not exist. It bears noting that the 2017 Judgment was issued by default; neither ALC nor the entity into which it was merged was served or had notice.

Even if ALC did exist at that time, the manner in which service was purportedly made was ineffective. Plaintiff's counsel caused the summons and complaint to be served on the Maine Secretary of State on April 26, 2016. Effecting service of process

---

[6] As a Delaware corporation, ALC's legal existence (or lack thereof) is governed by Delaware law. *See* Restatement (Second) of Conflict of Laws § 302(2) (1971) (law of state of incorporation governs determination of a corporation's liabilities unless some other state has a more significant relationship); *Beaulieu v. Beaulieu,* 265 A.2d 610 (Me. 1970) (adopting Second Restatement's rule). Under Delaware law, the separate existence of a constituent entity that merges into a new corporate entity disappears at the moment of merger. Del. Code Ann. tit. 8, § 259 (West 2019).

5

on a corporate entity by serving the Maine Secretary of State has not been a valid method of service since 2011, when Maine enacted the Model Registered Agents Act, 5 M.R.S.§§ 101 *et seq.* ("MRAA"). *See* M.R. Civ. P. 4 advisory notes to 2011 amend., Nov. 2011, Me. Judicial Branch website/Rules & Administrative Orders/Rules (last visited Oct. 20, 2019) ("Service of process amendments adopted as part of the Model Registered Agents Act have removed any obligation of the Secretary of State to act as default agent for service of process.").[7]

Without service of process, a court lacks personal jurisdiction over a party, and a judgment entered against that party is void. *Gaeth v. Deacon,* 2009 ME 9, ¶ 20, 964 A.2d 621 (citations omitted); *Brown v. Thaler,* 2005 ME 75, ¶ 10, 880 A.2d 1113 ("Any judgment by a court lacking personal jurisdiction over a party is void."). This Court entered a default judgment ratifying U.S. Bank's rights in the mortgage deed to the Cozzones property because U.S. Bank represented that it properly served process on ALC. Because it did not, in fact, serve ALC, that judgment is void.

### 3. The Instant Foreclosure Action

Plaintiff's standing to maintain this foreclosure action hinges upon it having an ownership interest in the mortgage. *Greenleaf,* 2014 ME 89, ¶ 12. Because the 2017 Judgment is void, the ground for plaintiff's ownership has fallen away. The MERS

---

[7] The court rejects plaintiff's alternative argument that service was proper under Section 113 of the MRAA, which governs service of process on "entities." 5 M.R.S. § 113 (2018). The MRAA defines "entity" as "a person that has a separate legal *existence* or has the power to acquire an interest in real property in its own name." 5 M.R.S. § 102(7) (2018) (emphasis added). ALC ceased to exist as a legal entity in 2012. Moreover, even if the MRAA applied, nowhere does it authorize service of process on the Secretary of State. Nor does Section 113(5)'s catch-all provision permitting "by any other means prescribed by law" provide a basis for service when read in conjunction with 13-C M.R.S. § 1532, which permits service on the Secretary of State when there is a "revocation" of a foreign corporation's authority by the Secretary. No such revocation was taken—nor could have been taken—with respect to ALC, which ceased to exist in 2012.

assignments only conferred the limited rights that MERS possessed, namely the right to record the mortgage as nominee for ALC. *Id.* ¶ 16.[8]

Therefore, plaintiff lacks standing to maintain this foreclosure action, and its complaint is rendered nonjusticiable. *Bank of America, N.A. v. Greenleaf,* 2015 ME 127, ¶ 8, 124 A.3d 1122 ("A plaintiff's lack of standing renders that plaintiff's complaint nonjusticiable—i.e., incapable of judicial resolution.").

U.S. Bank's complaint of foreclosure on real property existing at 22 Montreal Street, Sanford, Maine is hereby dismissed.

### Order

For reasons set out above, it is hereby ordered and the entry shall be: "Motion of Thomas A. Cox For Leave to File Amicus Memorandum is GRANTED. Plaintiff U.S. Bank, N.A.'s Complaint of Foreclosure is DISMISSED."

The clerk may enter this Order on the docket with reference pursuant to M.R. Civ. P. 79(a).

SO ORDERED

Dated: November 1, 2019

Wayne Douglas
Justice, Superior Court

ENTERED ON THE DOCKET ON: 11/4/19

---

[8] And, contrary to plaintiff's argument, the fact that the Cozzones listed "Chase" as its creditor, whether accurately or not, in its Chapter 7 Bankruptcy filing does not vest legal rights to the mortgage in U.S. Bank.

7